UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO: 3:18-CV-00374-GNS-CHL

KIMBERLY E. JACOBS,
by ROSALIND R. JACOBS, POA                                               PLAINTIFF

v.

HANGING ROCK LTC, LLC
d/b/a/ ESSEX NURSING AND
REHABLITATION CENTER; and
JANE ROE                                                                 DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion to Remand to State Court (DN 8); Plaintiff's Motion for Leave to Revive and File First Amended Complaint (DN 22); and Plaintiff's Second Motion to Remand (DN 23). The motions are ripe for adjudication. For the reasons provided below, Plaintiff's Motion for Leave to Revive and File First Amended Complaint (DN 22) and Plaintiff's Second Motion to Remand (DN 23) are **GRANTED**. Plaintiff's Motion to Remand (DN 8) is **DISMISSED AS MOOT**.

### I.   BACKGROUND

On May 22, 2018, Plaintiff filed an action in Jefferson Circuit Court against Defendant, Hanging Rock LTC, LLC ("Hanging Rock") and an unnamed "Jane Doe" defendant. (Compl., DN 1-2). In her Complaint, Plaintiff asserted claims of negligence and breach of contract for conduct occurring at Essex Nursing and Rehabilitation Center ("Essex")—a facility which is owned, operated, or managed by Hanging Rock. (Compl. ¶ 3, DN 1-2). Pursuant to 28 U.S.C. §§ 1441 and 1446, Hanging Rock removed the action to federal court based on diversity jurisdiction

because Plaintiff is a citizen of Kentucky, Hanging Rock is a North Carolina corporation, and the damages in this case will likely exceed $75,000 if relief is granted. (Notice Removal 2-4, DN 1).

On June 18, 2018, Plaintiff moved to remand her claim to state court for two reasons: first, the original Plaintiff died after filing suit but before removal, and as a result, Hanging Rock could not give proper notice of removal until the action was revived in state court; and second, there was no complete diversity because an unknown "Jane Doe" Defendant administrator of the nursing home resided in Kentucky. (Pl.'s Mot. Remand 1-2, DN 8). Defendant responded that it was not notified of the original Plaintiff's death until after it filed for removal and argued complete diversity should exist despite the unknown Defendant. (Def.'s Resp. Pl's Mot. First Mot. Remand 3-4, DN 10).

On September 18, 2018, Plaintiff's moved to withdraw, and on October 11, 2018, a motion to substitute counsel was filed. (Pl.'s Mot. Withdraw, DN 16; Pl.'s Mot. Substitute, DN 18). The motions were granted by Magistrate Judge Lindsay on October 23, 2018. (Order, DN 20). On November 17, 2018, Plaintiff moved for leave to revive and file her first amended complaint (DN 22) and moved again to remand her claim to state court. (DN 23). In these motions, Plaintiff seeks to add Robert Flatt as a codefendant because he was the administrator of the Essex facility during Plaintiff's decedent's residency. (Am. Compl. ¶ 4, DN 22-3; Pl.'s Second Mot. Remand 2-3, DN 23).

Defendant responds by urging the Court to use its discretion to thwart Plaintiff's attempt to remand her action to state court as a fraudulent joinder because she improperly added a nondiverse party for the purpose of destroying diversity jurisdiction. (Def.'s Resp. Pl.'s Second Mot. Remand 4, DN 24 [hereinafter Def.'s Second Resp.]). Defendant also argues Plaintiff has failed to plead Defendant Flatt's citizenship, but instead merely pleads his residency. (Def.'s

Second Resp. 14). In her Reply, Plaintiff argues that she has alleged claims against Defendant Flatt in his individual capacity and that the Court should not deny her motion to remand based on a semantic error when Defendant does not otherwise dispute putative Defendant Flatt's Kentucky citizenship. (Pl.'s Reply Def.'s Resp. Second Mot. Remand 4-6, DN 28 [hereinafter Pl.'s Reply]).

## II. DISCUSSION

Kentucky and Federal Rules of Civil Procedure require that the caption of a complaint include the names of all parties to the action. Ky. R. Civ. P. 10.01; Fed. R. Civ. P. 10(a). Because she did not name Flatt in the original complaint, Plaintiff now moves to amend the complaint to name him as a defendant to comply with these requirements. (Am. Compl. ¶ 4).

Leave to amend a complaint is freely given when justice so requires. Fed. R. Civ. P. 15(a). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, [she] ought to be afforded an opportunity to test [her] claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). It is within the court's discretion whether to allow a plaintiff to join a defendant who would destroy subject matter jurisdiction, but if the court does allow it, then the court must remand the action to state court. 28 U.S.C. § 1447(e).

Hanging Rock contends Plaintiff's purpose in amending the complaint is to destroy diversity jurisdiction and urges the court to use its discretion to deny the amendment and preserve subject matter jurisdiction. (Def.'s Resp. 4). The Court will permit Plaintiff to amend her complaint unless Flatt has been fraudulently joined as a defendant. *See Green v. G2 Secure Staff, LLC*, No. 07-409-C, 2008 WL 782612, at *2 (W.D. Ky. Mar. 21, 2008).

"Fraudulent joinder occurs when the non-removing party joins a party against whom there is no colorable cause of action." *Saginaw Hous. Comm'n v. Bannum, Inc.*, 576 F.3d 620, 624 (6th Cir. 2009) (citation omitted). "To prove fraudulent joinder, the removing party must present

3

sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law." *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999) (citation omitted). "The non-moving party's motive for joining the non-diverse party to the lawsuit is 'immaterial to our determination regarding fraudulent joinder.'" *Walker v. Philip Morris USA, Inc.*, 443 F. App'x 946, 952 (6th Cir. 2011) (citation omitted). "[T]he question is whether there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved." *Probus v. Charter Commc'ns, LLC*, 234 F. App'x 404, 407 (6th Cir. 2007) (citation omitted). In determining whether Plaintiff has a colorable cause of action against Flatt, the Court must resolve factual disputes in Plaintiff's favor. *See Coyne*, 183 F.3d at 493.

In her Amended Complaint, Plaintiff asserts negligence claims against Flatt arising from his professional and statutory duties as a nursing home administrator. (Am. Compl. ¶¶ 42-49). A negligence action requires: "(1) a duty on the part of the defendant; (2) a breach of that duty; and (3) consequent injury." *Mullins v. Commonwealth Life Ins. Co.*, 839 S.W.2d 245, 247 (Ky. 1992) (citation omitted). "An employee whose negligent act created the liability may be joined as a defendant." *Cua v. Pilot Travel Ctrs., LLC*, No. 11-76-C, 2011 WL 1832152, at *2 (W.D. Ky. May 12, 2011) (citations omitted).

Plaintiff alleges Flatt breached duties by violating regulations from Kentucky's Cabinet for Health and Family Services and the United States Department of Health and Human Services which require nursing home administrators to maintain minimum standards and staffing at the Essex facility. (Am. Compl. ¶ 46(a)-(b)). Plaintiff also alleges Flatt failed to ensure compliance with regulations promulgated under Kentucky's Nursing Home Administrators Licensure Act of 1970. (Am. Compl. ¶ 46(c)). Plaintiff further asserts Flatt breached his duty under these laws and regulations by, *inter alia*, failing to increase the number of personnel at Essex; failing to ensure

4

proper supervision, treatment, assessment and monitoring; and failing to maintain records in accordance with accepted standards and practices. (Am. Compl. ¶¶ 44-46). Plaintiff contends the decedent was a member of the class intended to be protected by these laws and regulations and that her physical injuries were foreseeable consequences of breaching these statutory duties. (Am. Compl. ¶¶ 47-48). The inquiry here is not whether Plaintiff will ultimately succeed on the merits; rather, the question is whether she has "at least a colorable cause of action against [Flatt] in the [Kentucky] state courts." *Probus*, 234 F. App'x at 408 (citation omitted). From the foregoing, it appears Plaintiff has asserted colorable negligence claims against Flatt.

In its response, Hanging Rock contends that Plaintiff will not be injured if the Amended Complaint is denied because Flatt's acts or omissions would be imputed to his employer under principles of respondeat superior. (Def.'s Second Reply 12). That Hanging Rock may be liable for damages under respondeat superior does not compel the Court to deny Plaintiff's opportunity to bring those potential claims against Flatt. Our sister courts have similarly granted motions to remand even when respondeat superior would have shifted damages from an employee to an employer. For example, the District Court for the Eastern District of Michigan has said on this issue:

> [A]lthough plaintiffs maintain that [defendant] should be held accountable for the conduct of its employees, there is nothing to prevent defendant . . . from arguing down the road that the individual defendants were not acting within the scope of their employment, thereby distancing itself from their conduct. If that contingency eventuates, the refusal to permit joinder of the individual employees would prejudice the plaintiffs.

*Phillip-Stubbs v. WalMart Supercenter*, No. 12-10707, 2012 WL 1952444, at *5 (E.D. Mich. May 25, 2012). Plaintiff rightly points out that, in its Answer, Hanging Rock contends that her "injuries and damages may have been caused in whole or in part by the acts, omissions and/or negligence of other persons, non-parties, and/or third parties not under the direction and control of Hanging

5

Rock, and said acts, omissions, or negligence constitute either complete or partial bar to recovery herein." (Pl.'s Reply 5 (quoting Answer ¶ 17, DN 3)). With this, Hanging Rock has preserved the possibility that it may contest its liability for Flatt's conduct as an Essex employee, and if successful, denying Flatt's joinder would prejudice the Plaintiff by limiting her ability to assert claims against him.

Hanging Rock also argues Plaintiff failed to assert Flatt's citizenship for purposes of establishing diversity but instead describes him as a Kentucky resident. Because of this, Hanging Rock argues complete diversity persists. (Def.'s Resp. 14). Plaintiff asks the Court to excuse this error under 28 U.S.C. § 1653 because Hanging Rock relies on semantics without directly disputing Flatt's Kentucky citizenship. (Pl.'s Reply 6).

Courts may permit amendments so as to repair defective jurisdictional allegations. 28 U.S.C. § 1653. Such permission is to be freely granted, "so as to effectuate Congress' intent in enacting § 1653—to avoid dismissals on technical grounds." *Miller v. Davis*, 507 F.2d 308, 311 (6th Cir. 1974) (citation omitted). Hanging Rock does not dispute Flatt's Kentucky citizenship, and Plaintiff bases her assertion regarding his citizenship on his employment with Essex in Louisville. (Pl.'s Reply 6). Because Hanging Rock does not dispute Flatt's citizenship, the Court would allow the amendment to assert Flatt's citizenship instead of residency.

### III. <u>CONCLUSION</u>

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to Revive and File First Amended Complaint (DN 22) and Plaintiff's Second Motion to Remand (DN 23) are **GRANTED**. Plaintiff's action is revived and Rosalind Jacobs is substituted as the proper party for Plaintiff in this action. The case is **REMANDED** to the Jefferson Circuit Court.

Because the Court has remanded the case to Jefferson Circuit Court, Plaintiff's Motion to Remand (DN 8) is **DISMISSED AS MOOT**. The Clerk shall strike this matter from the active docket.

Greg N. Stivers, Chief Judge
United States District Court

February 14, 2019

cc: counsel of record
     Jefferson Circuit Court (Civil Action No. 18-CI-002900)